**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CT Belt-Wright,<br><br>        Plaintiff,<br><br>vs.<br><br>Lyft, Inc.,<br><br>        Defendant. | Case No. 2:23-cv-00400-GMN-VCF<br><br>**ORDER**<br><br>MOTION FOR LEAVE TO FILE DOCUMENT [ECF NO. 25] |

Defendant U-Haul filed a motion for leave to file a third-party complaint. ECF No. 25. I grant the motion.

**I.    Background**

This is a personal injury case arising out of a car accident. Defendant U-Haul alleges that third party Christopher Faifaimalie struck plaintiff in a rented U-Haul, yet plaintiff does not name Faifaimalie as a defendant. ECF No. 25 at 3. U-Haul argues that in its motion for leave to file a third-party complaint that Faifaimalie is an indispensable party to this litigation. *Id.* at 4. Plaintiff argues in his response that U-Haul's motion is improper because there is no evidence that Faifaimalie would be responsible for the claims against U-Haul. ECF No. 27 at 5. U-Haul argues in the reply that the plain text of Rule 14 allows impleader of Faifaimalie and that impleader is appropriate for derivative claims such as indemnity and contribution. ECF No. 33 at 2.

**II.    Analysis**

FRCP 14(a)(1) states that

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain

the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Plaintiff alleges that Faifaimalie, while under the influence and driving a UHCA vehicle, drove across the center line and collided head-on into Plaintiff's vehicle. ECF No. 9-1. These facts may possibly give rise to claims by U-Haul for indemnity and contribution against Faifaimalie. See NRS 17.225; *Republic Silver State Disposal, Inc. v. Cash*, 136 Nev. 744, 746 (2020)( A claim for contribution arises where "a tortfeasor who has paid more than his or her equitable share of the common liability" may recover the excess from a second tortfeasor."). Plaintiff will not be prejudiced here, because plaintiff could move to dismiss. I find that U-Haul properly asserted claims against Faifaimalie under FRCP 14.

ACCORDINGLY,

I ORDER that defendant U-Haul's motion for leave to file a third-party complaint (ECF No. 25) is GRANTED. Defendant U-Haul has until Thursday, September 28, 2023, to file the third-party complaint on the docket.

IT IS SO ORDERED.

DATED this 21st day of September 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE